642 F.2d 453
 81-1 USTC P 9145
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor J. Sutton and Virginia M. Sutton, Plaintiffs-Appellants
v.
United States of America, Defendant-Appellee.
 No. 79-1287.
 United States Court of Appeals, Sixth Circuit.
 December 9, 1980.
 
 1
 Before MERRITT and KENNEDY, Circuit Judges; COOK, District Judge.*
 
 Order
 
 2
 Plaintiffs, Victor and Virginia Sutton, appeal from a judgment for the government in a refund action for income taxes paid. The sole issue on appeal is whether the plaintiffs were resident or non-resident aliens during 1971-73 for purposes of the federal income tax laws. 26 U.S.C. Secs. 871-76, 861-64. If plaintiffs were non-resident aliens during that period they are entitled to a refund of $76,945.87 that they paid to the government, plus interest. If they were resident aliens, they are not entitled to a refund.
 
 
 3
 Plaintiffs are citizens of Canada who moved to the United States in 1952 so that Mr. Sutton could work with Bowaters Southern Paper Corp. in Calhoun, Tennessee, a subsidiary of the London, England, parent corporation. In 1965, plaintiffs moved into a home owned by Bowaters, "Holly Hills," in Riceville, Tennessee. In 1971 Bowaters sold the home to plaintiffs. Except for a two year period, they have lived in the United States. In June of 1971, Mr. Sutton was transferred to London, and he anticipated that he would remain there until his retirement. He took early retirement in 1973 and moved back to the United States.
 
 
 4
 It is undisputed that the Suttons had acquired the status United States resident aliens. Under Treas.Reg. Sec. 1.871-5 (1960), "[a]n alien who has acquired residence in the United States retains his status as a resident until he abandons the same and actually departs from the United States." Plaintiffs lost their resident alien status if (1) they left the United States, (2) with the intent to abandon their United States residency. See definition of residency, Treas.Reg. Sec. 1.871-2(b) (1960).
 
 
 5
 In a comprehensive and well-reasoned opinion, the District Court concluded that plaintiffs did not intent to abandon U.S. residency. We affirm for the reasons stated by the District Court. 79-1 USTC p 9293, 43 A.F.T.R. 2d 79-1033 (E.D.Tenn. March 14, 1979).
 
 
 6
 Although some factors indicate that plaintiffs loosened their ties to the United States when they moved to London, we agree with the District Court that on balance the weight of the evidence shows that they did not abandon their status as resident aliens of the United States. Plaintiffs continued to own "Holly Hills" and hired caretakers to live on the property. They maintained a savings and checking account in Tennessee, and all of Mr. Sutton's paycheck was deposited in the American Bank. Plaintiffs filed tax returns for 1971-73, and listed their home address as "Holly Hills." During 1971-73, plaintiffs also claimed charitable deductions for contributions to American charities and made a $100 political contribution. During this time plaintiffs continued to file Alien Address Reports with the INS, listing "Holly Hills" as their United States address and classifying themselves as resident aliens. In this context they should not now be allowed to claim the protection and advantages of resident alien status and escape the reciprocal responsibilities that go with that status.
 
 
 7
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., District Judge, United States District Court for the Eastern District of Michigan, sitting by designation